JOSEPH E. COREIL, Judge Pro Tem.
Defendant, William 0. King, was charged by bill of information with two counts of indecent behavior with a juvenile, in violation of La.R.S. 14:81. On March 19, 1991, he was tried by jury and found guilty on both counts. On May 2,1991, defendant was sentenced by the court to imprisonment at hard labor for a period of seven years on each count, to run consecutively. The court suspended “all but three years” of the sentence. The court further placed the defendant on five years supervised probation with conditions. He now appeals, based on two assignments of error.
ASSIGNMENT OF ERROR NO. 1
By this assignment of error, defendant contends that the trial court erred in sentencing him because, based on the evidence and the sentencing guidelines, the imposition of two consecutive sentences of seven years is excessive.
Article 1, § 20 of the Louisiana Constitution of 1974 prohibits “cruel, excessive, or unusual punishment.” A sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979). To constitute an excessive sentence, this Court must find the penalty is so grossly disproportionate to the severity of the crime as to shock our senses of justice or that the sentence makes no mea *475 surable contribution to acceptable penal goals and is, therefore, nothing more than needless imposition of pain and suffering. The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion.
The statutory sentencing range for indecent behavior with juveniles is imprisonment with or without hard labor for not more than seven years, or a fine of not more than $5,000, or both. The trial judge sentenced the defendant to serve seven years on each count, to run consecutively.
The trial judge adequately complied with the sentencing guidelines of La.C.Cr.P. art 894.[1] and sufficiently articulated his reasons for sentencing h The articulation and reasons, particularly the seriousness of the offenses, justify the terms of imprisonment imposed. For these reasons, we find that the trial judge complied with La.C.Cr.P. art. 894.1 in stating his reasons for the sentences imposed, and the sentences imposed are not unconstitutionally excessive.
There is no merit to assignment of error no. 1.
ASSIGNMENT OF ERROR NO. 2
In sentencing the defendant, the trial judge stated that as a condition of probation, the defendant would have to receive whatever counseling was recommended and that he would be required to remain confined to his residence or on his property for the duration of his probation. Defendant argues that this condition of home incarceration is illegal on its face. We pretermit discussion of this assignment of error as we find an error patent which requires us to vacate the sentences and remand.
ERROR PATENT
At the sentencing hearing, the trial judge imposed a seven-year sentence on each of the two counts, then suspended “all but three years” and placed the defendant on five-years active supervised probation with conditions.
The sentences themselves are indeterminate. La.C.Cr.P. art. 879 provides:
“If a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence.”
In the instant case, the sentences are illegal since they give no determination as to how many of the total eleven years are suspended on each sentence and whether or not the probation applies to both sentences. Therefore, we vacate the sentences and remand to the trial court for resentencing.
SENTENCES VACATED AND REMANDED FOR RESENTENCING.

. The guidelines contained in La.C.Cr.P. art. 894.1 are superseded by provisions of Act 22 of 1991, effective conditionally January 1, 1992.